IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERMAIN D. LEWIS                                                                                PLAINTIFF

V.                                    CASE NO. 4:17-CV-04054

SHERIFF BOBBY WALRAVEN,
Little River County, Arkansas; ROGER
MITCHELL, Arkansas Community Correction
(ACC); CYNTHIA HOLMES, ACC; LYNN
BAUCUM, Ashdown Police Department;
BRANDY NELSON; TAMMY PHELP;
and DEPUTY PROSECUTOR AL SMITH                                                 DEFENDANTS

## ORDER

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983. Currently before the Court is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on July 6, 2017. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff has named the following Defendants in this lawsuit: Sheriff Bobby Walraven, Roger Mitchell with the ACC, Cynthia Holmes with the ACC, Officer Lynn Baucum, Brandy Nelson, Tammy Phelp, and Deputy Prosecutor Al Smith. Plaintiff claims that "[o]n June 30, 2015, I had a revocation hearing, Field Officer Roger Mitchell, Officer Bobby Walraven, Brandy Nelson and Tammy Phelp all testified for the states All were coerced by Deputy Prosecutor Al Smith and the Court. Therefore I was denied a fair trial . . . due process by courts . . . violation of 6th, 8th, 4th, 14th of Amendment Right

of U.S. Constitutional". (ECF No. 1). Plaintiff goes on to state that "[o]n March 6, 2017 Officer Lynn Baucam and Cynthia Holmes made false claim, false statement, false report and violation of due process violation 6th, 8th 14 amends Rights of U.S. Constitutional". (ECF No. 1). Plaintiff has also named Prosecutor Al Smith as a defendant for "denial me of due process of double jeophy convicted me after my 60 day to bring me for a hearing he took 90 days." (ECF No. 1).

On August 11, 2017, Plaintiff filed a Supplement to his Complaint clarifying that his claims against Defendants Baucum and Holmes arise from testimony they gave at a "parole hearing" held on March 6, 2017. (ECF No. 7). The Supplement also adds an excessive force claim against Defendant Baucum for his alleged actions in connection with Plaintiff's arrest on February 14, 2017. Plaintiff is suing Defendants in both their individual and official capacities.

## II. APPLICABLE LAW

The Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

### A. False Testimony Claims

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 arising from alleged false testimony given during his probation or parole hearings. According to Plaintiff, his civil rights were violated when Defendants Walraven,

2

Mitchell, Holmes, Baucum, Nelson, and Phelp testified falsely against him in the course of his probation revocation. (ECF Nos. 1, 7). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *Atkins,* 487 U.S. 42; *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). It is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee*, 237 Fed. Appx. 114 (8th Cir. 2007). In *Hamilton*, the court held that "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions[.]" *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Without a protectable liberty interest there is no due process claim. *Id.* at 886.

Even if Plaintiff's Complaint could somehow be construed to create a viable liberty interest, his claims clearly are an attack on the revocation proceedings themselves. His § 1983 claims call into question the validity of those criminal revocation proceedings. Plaintiff is barred from bringing such claims until his conviction, in this case the two revocation orders, are invalidated by the highest state court or in a federal *habeas* proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as substitutes for *habeas corpus* relief. In other words, Plaintiff cannot seek relief pursuant to § 1983 relating to those revocation hearings and his subsequent confinement. *See e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Accordingly, Plaintiff's individual-capacity and official-capacity claims against Defendants Walraven, Mitchell, Holmes, Baucum, Nelson, and Phelp for allegedly providing false

testimony should be dismissed with prejudice for failure to state a claim on which relief can be granted.

### B. Claims Against Defendant Smith

Plaintiff's individual-capacity claims against Defendant Al Smith fail because he is a prosecuting attorney who is immune from suits filed under 42 U.S.C. § 1983. In *Imbeler v. Pachtman*, the United States Supreme Court established absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized." (internal quotation omitted)). However, absolute prosecutorial immunity does not extend to duties performed outside a prosecutor's role as an advocate. *Buckley*, 509 U.S. at 272-74 (1993). Furthermore, duties that are investigatory or administrative in nature are merely entitled to qualified immunity. *Id.* In the present case, Plaintiff has not alleged that Defendant Smith acted in an investigative or administrative role. Accordingly, Defendant Smith is protected by prosecutorial immunity and, therefore, Plaintiff's individual-capacity claims against him fail.

Furthermore, Plaintiff's official-capacity claims against Defendant Smith are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution bars federal

lawsuits brought by individuals against states. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). "'This bar exists whether the relief sought is legal or equitable.'" *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (quoting *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). Suits brought against Arkansas prosecutors in their official capacity are construed as suits against the State of Arkansas. *See Batemon v. Arkansas*, No. 5:10-CV-00010-BSM, 2010 WL 1487223, at *2 (E.D. Ark. Apr. 12, 2010) (dismissing claims against district prosecuting attorney and deputy prosecuting attorney as barred by sovereign immunity); *Ussery v. Holladay*, No. 4:09-CV-00801-BSM, 2010 WL 2231877, at *1 (E.D. Ark. June 3, 2010) (same).

However, there are certain well-established exceptions to the reach of the Eleventh Amendment. *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). "A state may waive its sovereign immunity and consent to suit in federal court, and Congress may, by legislation, abrogate immunity without the state's consent in order to effectuate the provisions of the Fourteenth Amendment." *Id*. That being said, "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Id*. Likewise, there is nothing to suggest that the State of Arkansas has waived its sovereign immunity or consented to this suit. Therefore, as Plaintiff's official-capacity claims against Defendant Smith are actually claims against the State of Arkansas, those claims fail due to sovereign immunity.

Accordingly, Plaintiff's claims against Defendant Smith should be dismissed with prejudice because Defendant Smith is protected by absolute prosecutorial immunity as well as sovereign immunity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) should be and hereby is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) in regard to Defendants Walraven, Mitchell, Holmes, Nelson, Phelp, and Smith. Likewise, Plaintiff's false

testimony claim against Defendant Baucum should be and hereby is **DISMISSED WITH PREJUDICE**. However, Plaintiff's excessive force claim against Defendant Baucum relating to his arrest on February 14, 2017, shall proceed.

**IT IS SO ORDERED**, this 18th day of September, 2017.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge